**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHER DISTRICT OF ILLINOIS**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| LES ENTREPRISES JACQUES DEFOUR & FILS INC., | ) ) ) | |
| Plaintiff, | ) ) | Case No. 10 C 3471 |
| v. | ) ) ) | Magistrate Judge Morton Denlow |
| DINSICK EQUIPMENT CORPORATION and DAVID DINSICK, | ) ) ) | |
| Defendants. | ) ) ) | |

# MEMORANDUM OPINION AND ORDER

This case comes before the Court on a breach of contract claim by Plaintiff Les Enterprises Jacques Defour & Fils Inc. ("Plaintiff") against Defendant Dinsick Equipment Corporation ("Defendant") for failing to deliver an industrial tank for which Plaintiff paid in full. Plaintiff filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56 against Defendant on Count III of the complaint seeking damages as a result of the breach. For reasons explained below, the Court grants Plaintiff's motion for summary judgment against Defendant Dinsick Equipment Corporation on Count III in the amount of $77,459.38, plus costs.

# I. BACKGROUND FACTS

Plaintiff is a Canadian corporation in the business of highway construction with its principal place of business located in Baie-Saint-Paul, Quebec, Canada. (Pl.'s 56.1 ¶ 3).[1] Defendant is an Illinois corporation, which sells new and used industrial equipment. (Pl.'s 56.1 ¶ 4). Defendant's principal place of business is located in Plainfield, Illinois. *Id.* The Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(2).

On February 12, 2010, Plaintiff entered into a contract with Defendant for sale of a 30,000-gallon industrial tank. (Ex. A to Pl.'s Ex. 1).[2] Plaintiff wired two payments to Defendant on February 18, 2010 and February 24, 2010, in the amounts of $10,000 and $60,000, respectively, paying in full the contracted price of the industrial tank. (Ex. B–C to Pl.'s Ex. 1). Sometime after February 24th, Defendant informed Plaintiff the tank could be picked up in Joplin, Missouri. (Pl.'s 56.1 ¶ 11). Plaintiff retained a Canadian commercial hauling company, Xaak Transport, Inc. ("Xaak"), to transport the tank from Joplin to Quebec. (Ex. D to Pl.'s Ex. 1). On March 2, 2010, Xaak arrived in Joplin, but the tank never arrived. (Pl.'s 56.1 ¶ 13). Though Xaak was unable to deliver the tank, Plaintiff nevertheless paid Xaak $7,459.38 for its services. (Ex. D to Pl.'s Ex. 1; Pl.'s Ex. 5 ¶ 6).

Soon thereafter, Plaintiff informed Defendant about the failed transaction and Defendant acknowledged the breach of the agreement. (Pl.'s Ex. 2 ¶ 43). Defendant agreed

---

[1] "Pl.'s 56.1" refers to Plaintiff's Local Rule 56.1 Statement of Uncontested Material Facts in Support of its Motion for Summary Judgment.

[2] "Pl.'s Ex." refers to exhibits attached to Plaintiff's Motion for Summary Judgment.

to reimburse Plaintiff the $70,000, but has failed to do so. (Pl.'s Ex. 2 ¶ 45–46). On June 7, 2010, Plaintiff filed a complaint with the Court alleging four counts: (1) consumer fraud; (2) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act; (3) breach of contract by Defendant, and (4) breach of contract by Defendant's president in his personal capacity. (Pl.'s Ex. 1 ¶ 19–53). On November 10, 2010, Plaintiff moved for summary judgment on Count III of its complaint. (Pl.'s Mot. Summ. J. at 1). Defendant failed to respond to Plaintiff's motion.

## II. DISCUSSION

Summary judgment may be granted when the "movant shows there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding whether summary judgment should be granted, the court interprets all the facts in the "light most favorable to the nonmovant party." *Mobley v. Allstate Ins. Co.*, 531 F.3d 539, 545 (7th Cir. 2008). The opposing party is required to present genuine evidence of factual dispute, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986), and may not rely on "mere allegation or denials of his pleading." *Anderson*, 477 U.S. at 256. Under Illinois law, in order to establish a breach of contract claim, a plaintiff must establish (1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages. *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010).

In this case, it is undisputed that Plaintiff and Defendant entered into an agreement for the purchase of an industrial tank and that Defendant failed to deliver the tank. Plaintiff provided the completed invoice statement Defendant billed to him listing the sale of one 30,000 gallon industrial tank at the price of $70,000, and the wiring information for payment purposes. (Ex. A to Pl.'s Ex. 1). This act of depositing the full payment into Defendant's bank account prior to receiving the tank demonstrated substantial performance by Plaintiff. Defendant's failure to make the tank available for acceptance breached the terms of the contract. This breach coupled with the failure to reimburse Plaintiff for the non-delivery resulted in damages to Plaintiff for the purchase price of the tank. (Ex. A–B to Pl.'s Ex. 1).

The only question remaining is whether Plaintiff may recover incidental damages for the $7,459.38 Plaintiff paid Xaak to transport the industrial tank. Under the Illinois Uniform Commercial Code, "incidental damages resulting from a seller's breach include expenses reasonably incurred in the inspection, receipt, transportation, and care and custody of the goods rightfully rejected, any commercially reasonable charges, expenses or commissions in connection with effecting cover and any other reasonable expenses incident to the delay or other breach." 810 Ill. Comp. Stat. 5/2-715(1). For instance, courts have previously awarded incidental damages for the increased shipment costs of goods purchased as cover for a breach. *See, e.g.*, *Chemetron Corp. v. McLouth Steel Corp.*, 381 F. Supp. 245 (N.D. Ill. 1974).

Here, the expenses Plaintiff paid to Xaak for its services were reasonable under the circumstances. The original invoice for the sale of the tank included the clause "no freight

included," which would imply to a reasonable person that the buyer would have to provide the transportation costs of the item. (Ex. A to Pl.'s Ex. 1). Thus, upon Defendant's notification that the tank was ready for pick-up in Joplin, it was reasonable for Plaintiff to send some means of transportation to retrieve the tank. Because the shipping costs were integral to performance of the contract, they were "reasonable expenses incident to the . . . breach." 810 Ill. Comp. Stat. 5/2-715(1).

As for Plaintiff's request for costs, Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." *See also* 28 U.S.C. § 1920. Here, Plaintiff has prevailed on Count III of its complaint. Therefore, this Court will award costs to Plaintiff.

## III. CONCLUSION

For the reasons stated above, the Court grants Plaintiff's motion for summary judgment as to Count III and enters final judgment for Plaintiff and against Defendant Dinsick Equipment Corporation on Count III in the amount of $77,459.38, plus court costs. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court expressly finds that there is no just cause to delay enforcement or appeal of this order and judgment.

**SO ORDERED THIS 28th DAY OF JANUARY, 2011.**

_____
**MORTON DENLOW**
**UNITED STATES MAGISTRATE JUDGE**

**Copies sent to:**

Ernesto R Palomo
Emily A. Fox
Locke Lord Bissell & Liddell LLP
111 South Wacker Drive
Chicago, IL 60606

Counsel for Plaintiff

Dinsick Equipment Corporation
13803 South Quail Run Drive
Plainfield, IL 60544

David Dinsick
13803 South Quail Run Drive
Plainfield, IL 60544

Defendants